Jose Galvan, for his benefit and for the benefit of Teresa Galvan, his Wife, Plaintiff-Appellant, *v.* Mario Gabriel Morales *et al.,* Defendants-Appellees.

(No. 56517; 

First District—December 7, 1972.

*Rehearing denied January 4, 1973.*

Joseph B. Gilbert, of Chicago, for appellant.

Brody and Gore, of Chicago, for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook County dismissing plaintiff's complaint with prejudice for failure to exercise reasonable diligence to obtain service of summons on the defendants Vasily Krkljes and Jane Krkjles, his wife.

In this appeal plaintiff's sole contention is that he has not failed to exercise reasonable diligence to obtain service of summons on defendants Vasily Krkljes and Jane Krkljes, and that the trial court erred in dismissing his complaint.

We reverse.

On April 28, 1970, the plaintiff filed a dram shop action against Mario Gabriel Morales and the defendants in this appeal, Vasily Krkljes and Jane Krkljes. This action arose out of an alleged occurrence of November 8, 1969, at a tavern owned by Mr. and Mrs. Krkljes. Summons was issued on April 28, 1970, to serve all three defendants and was returned "not found" as to each one. As to Mr. and Mrs. Krkljes on whom service was attempted at 1900 South Throop Street, Chicago, the return of service dated May 2, 1970, noted that they owned the building at that address but did not live there.

On May 11, 1971, in a branch of the circuit court of Cook County, at a "No Progress Call," plaintiff's complaint was dismissed for want of prosecution. On plaintiff's motion the order of dismissal was vacated on May 27, 1971, and the cause continued. An alias summons was then issued to serve Mr. and Mrs. Krkljes at 3607 South Hamilton Avenue, Chicago, and they were served with summons on June 1, 1971.

The defendants filed a special and limited appearance on July 9, 1971, and one week later filed their motion to dismiss for lack of diligence, supported by a sworn affidavit, in which they stated that they had resided at 3607 South Hamilton Avenue, Chicago, for more than the last four years. The motion also alleged that their address and phone number were listed in the Illinois Bell Telephone Directory for the years 1967, 1968, 1969 and 1970, and attached to the motion were four photocopies of pages of the telephone directories, showing their address and phone number as "Krkljes Vasilj 3607 S. Hamiltn * * * 376-7285."

In opposition to defendants' motion, the plaintiff filed a sworn affidavit

in which he argued that he was reasonably diligent in obtaining service of summons on the defendants. The affidavit stated that the plaintiff unsuccessfully attempted to locate the defendants, whose names were unknown to him at the time, by examining the records of the Illinois Liquor Commission, and searching the tract books in the Recorder's Office and the tax records of the Collector's Office of Cook County, Illinois, pertaining to the property where the tavern was located. The tract book listed the owners of the real property in question as Vasily Krkljes and wife. In the Collector's records, under the permanent tax number on the property, the names of the owners and taxpayers and their address appeared as follows:

"Mr. and Mrs. B. Krkljes
1900-02 S. Throop St.
Chicago 60608."

The affidavit further stated that as a basis for his motion to vacate the order dismissing his complaint for want of prosecution the plaintiff re-examined the records of the Illinois Liquor Commission. The records at this time showed the owner of the property to be Vasily Krkljes, whose address was 3607 South Hamilton Avenue, Chicago. The reason for the change in these records was alleged to be related to the revocation of the original license for the tavern and the issuance in November, 1970, of a new license to a different licensee. The trial court considered the motion and accompanying affidavits and entered its order of August 3, 1971, granting defendants' motion and dismissing plaintiff's complaint with prejudice.

Plaintiff contends that the trial court erred in dismissing his complaint for failure to exercise reasonable diligence to obtain service of summons on Vasily and Jane Krkljes. We agree with plaintiff's contention. Supreme Court Rule 103(b) provides in part as follows:

"*Dismissed for Lack of Diligence.* If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to an unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice * * *."

The motion to dismiss for lack of diligence to obtain service of summons is addressed to the sound discretion of the trial court. A reviewing court may upset the trial court's ruling on the motion where there is an abuse of discretion. *Mosley v. Spears* (1970), 126 Ill.App.2d 35, 261 N.E.2d 510.

In order to decide whether the plaintiff has failed to exercise

reasonable diligence to obtain service, the particular facts and circumstances of each case must be examined; there is no fixed rule or absolute standard which can be universally applied. *Alsobrook v. Cote* (1971), 133 Ill.2d 261, 273 N.E.2d 270.

■■ The circumstances of the instant case indicate more persuasive reasons to find that the plaintiff did exercise reasonable diligence to obtain service than do the circumstances of the two cases cited by the defendants, which are distinguishable. In the instant case the events which gave rise to the dram shop action occurred on November 8, 1969. The plaintiff filed suit on April 28, 1970, more than six months prior to the expiration of the one year statute of limitations. The alias summons was served on July 1, 1971, less than seven months after the expiration of the statute of limitations, and less than 19 months after the date of the occurrence. Given the period of time in which service was obtained, in light of the statute of limitations and plaintiff's activities in attempting to locate and serve the defendants, we think that the plaintiff exercised reasonable diligence to obtain service on the defendants.

■■ Defendants argue that the listing in the telephone directories of "Krkljes Vasilj 3607 S Hamiltn * * * 376-7285" was sufficient to inform the plaintiff of the defendants' address. Although the name in the listings in the telephone directories was the closest spelling to "Vasily Krkljes," there was no indication that the Vasilj Krkljes at 3607 South Hamilton Avenue as listed in the directories was in fact the Vasily Krkljes who was thought to be the owner of the tavern at the time of the filing of the complaint. Plaintiff's actions in searching the records of the Liquor Commission and Collector's Office were reasonable in light of the fact that at the time he knew the address of the tavern but did not know defendants' names or their residential address. Only after a new liquor license was issued to a new licensee in November, 1970, did the names and address of the owners of the tavern in the records of the Liquor Commission coincide with the listing in the telephone directories.

■■ The purpose of Rule 103(b) is to protect defendants from unnecessary delays in the service of process on them and to prevent the circumvention of the statute of limitations. (*Alsobrook v. Cote* (1971), 133 Ill. App.2d 261, 273 N.E.2d 270.) Not to be forgotten is the overriding consideration that cases should be decided on their merits after both sides have had their day in court. (*DeCicco v. Reed* (1966), 77 Ill.App.2d 349, 222 N.E.2d 346.) While the purposes of Rule 103(b) are unquestionably valid, nevertheless, faced with a crowded civil docket as has been the experience in Cook County, Illinois, the trial court should be careful that Rule 103(b) is not used merely as a device to reduce the backlog of

cases, but consideration of the competing factors inherent in ruling on a Rule 103(b) motion should be given to each case in which such a motion arises.

Therefore, the order of August 3, 1971, is reversed and the cause remanded with directions for further proceedings consistent with these views.

Judgment reversed and cause remanded with directions.

DEMPSEY and McNAMARA, JJ., concur.