DIERDRE J. HANNA, Plaintiff-Appellant, *v.* JAMES P. KELLY, Defendant-Appellee.—(PETER F. KELLY *et al.*, Defendants.)

First District (5th Division)    No. 79-1787

Opinion filed December 12, 1980.

Schwartzberg, Barnett & Cohen, and Heller & Morris, both of Chicago (Benjamin H. Cohen and Hugh J. Schwartzberg, of counsel), for appellant.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals from a trial court order dismissing her claim as to defendant James P. Kelly for failure of diligent service of process as required by Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)). On appeal, the only issue for review is whether plaintiff exercised sufficient diligence to obtain service of process. We affirm the trial court. The pertinent facts follow.

Plaintiff filed a complaint on July 8, 1976, against James P. Kelly (James), Peter F. Kelly (Peter), and two other defendants for injuries allegedly sustained by her arising out of an automobile accident which occurred on July 24, 1974. Summons was issued that day for service on all defendants. Three defendants were served; however, the summons directed to James at 3840 Gaslight Drive, Alsip, Illinois, was returned by the sheriff marked "not found."

On plaintiff's motion, an order was entered on September 1, 1976, suspending discovery "until all parties have appeared, or in the alternative, until good cause is shown." Plaintiff, however, commenced discovery when she served interrogatories on Peter on September 23, 1976. Interrogatory No. 2 asked: "State the full name and address of each person who witnessed or claims to have witnessed the occurrence alleged in the complaint."

In January 1977, counsel for Peter inquired why plaintiff had not answered the interrogatories sent her. Counsel for plaintiff sent the September 1 order in response. Counsel for defendant Peter replied on February 9 that: "I am somewhat puzzled at your reluctance to answer our interrogatories propounded to the plaintiff inasmuch as all parties obviously appeared."

Plaintiff's attorney wrote to Peter's counsel on July 14, 1977, inquiring about answers to interrogatories to be filed by Peter. He was advised on July 22, 1977, that the answers were prepared and required only Peter's signature. Plaintiff's counsel inquired about the answers to interrogatories again on August 31 and October 6, 1977. Peter's answers were filed on January 5, 1978.

In response to interrogatory No. 2 requesting the full names and addresses of each person who witnessed or claimed to have witnessed the occurrence alleged in the complaint, Peter gave plaintiff's name (with no address), James Kelly (with no address), and Kathy Greaney (with an address). Further answers to the interrogatories indicated that Peter owned the vehicle involved in the accident and was covered under a public liability insurance policy which was in effect on the date of the

occurrence. The complaint alleged that James was driving a vehicle owned by Peter.

In May 1978, plaintiff's counsel made a routine check of the case filed and discovered that no summons had been served on James or an appearance filed by him. On August 9, 1978, Peter's counsel advised plaintiff's counsel that James lived at either an address in Justice or in Chicago Ridge. Plaintiff issued an alias summons to James at both addresses, and he was finally served on August 25, 1978.

James filed a motion to dismiss in October 1978. An order was entered on July 26, 1979, dismissing plaintiff's lawsuit against him. Her motion to reconsider and vacate was denied on September 26, 1979.

OPINION

■■ Plaintiff asserts that under the circumstances she was sufficiently diligent to bar dismissal of her claim against James under Rule 103(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 103(b)). We disagree.

Rule 103(b) provides that:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

The standard for determining "reasonable diligence" is an objective one, and the burden is upon the plaintiff to show that he has exercised reasonable diligence in his efforts to obtain service (*Dailey v. Hartley* (1979), 77 Ill. App. 3d 697, 396 N.E.2d 586), and the defendant need not establish that he was prejudiced by the delay. *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 406 N.E.2d 204.

A motion to dismiss pursuant to Rule 103(b) is addressed to the sound discretion of the trial court, and a reviewing court will not substitute its judgment for that of the trial court absent a showing of an abuse of discretion. (*Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665; *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261.) There are six factors that courts consider in determining whether plaintiff's efforts to obtain service reflect reasonable diligence. These are: the length of time used to obtain service, the activities of the plaintiff, any knowledge on the part of the plaintiff of defendant's whereabouts, the ease with which defendant's whereabouts could have been ascertained, the actual knowledge of defendant of the pendency of

the action, and special circumstances which would affect the plaintiff's efforts. *Daily; Licka; Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010.

■■ Applying these factors to the present case, the record reflects that upon the filing of plaintiff's suit, summonses were issued to all four named defendants; however, the sheriff's returns established that only three had been served and James' summons was returned marked "not found." Plaintiff's efforts consisted of a motion on September 1, 1976, seeking a stay of discovery until all parties have appeared and serving interrogatories on Peter on September 23, 1976, seeking names and addresses of witnesses to the occurrence. She, in effect, nullified the order granting her motion to suspend discovery three weeks later when she commenced her own discovery by serving interrogatories on the served defendants, filing notices to produce and notices of depositions. None of these discovery requests were addressed to James, so it is apparent that plaintiff realized that he had not been served. Even when counsel for Peter filed his answers to plaintiff's interrogatories on January 5, 1978, indicating James as a witness (with no address), there was no effort made then to locate or serve James. In fact, plaintiff only discovered that James had not been served when a *routine* check of the file was made in May 1978. A 20-month delay after the first summons was returned can hardly be regarded as exercising diligence.

■■ Plaintiff cannot argue persuasively that she detrimentally relied on counsel for Peter's February 9, 1977, response wherein he stated that "I am somewhat puzzled at your reluctance to answer our interrogatories propounded to the plaintiff, inasmuch as all parties have obviously appeared," as Peter's counsel's actions could not be imputed to James. (*Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.) Moreover, the letter did not indicate that counsel for Peter was also now representing James.

Plaintiff further asserts that when counsel for Peter was called in June 1978 in regards to James' address, he first furnished an address in Justice and it was more than a month later before he was able to obtain from Peter the correct address in Chicago Ridge. Plaintiff does not, however, disclose any other efforts made to locate James from outside sources. It is plaintiff's burden, not another defendant or his attorney to exercise reasonable diligence to obtain service of process. *Dailey.*

Plaintiff's reliance on *Farthing v. Natural Gas Pipeline Co.* (1979), 74 Ill. App. 3d 958, 383 N.E.2d 683, and *Galvan v. Morales* (1972), 9 Ill. App. 3d 255, 292 N.E.2d 36, is misplaced, because these cases are distinguishable from the present situation. In *Farthing*, defendant was served in one of two consolidated cases but not the other. Service in one of the cases took place 16 months after the statute of limitations ran. The court, in

reversing the dismissal, noted that the defendant was consistently in court on the other case and continued to participate after the two cases were consolidated. In *Galvan*, plaintiff checked tract book records and liquor commission records which had only the address where plaintiff first attempted service. Additionally, the court noted that there was no indication that the name listed in the telephone directory under a variant was the same person who was the defendant owner of the tavern.

The facts in the present case do not persuade us that plaintiff's efforts compare to the efforts exercised in *Galvan* or the special circumstances that existed in *Farthing*.

■■ The purpose of Rule 103(b) is to protect defendants from unnecessary delays in the service of process on them and to prevent the circumvention of the statute of limitations. (*Wallace*.) Plaintiff's personal injury action was filed on July 8, 1976, seeking damages from an accident occurring on July 24, 1974. James was not served until August 23, 1978, over two years later since the initial filing of the lawsuit and two years past the statute of limitations. Plaintiff did not exercise reasonable diligence under the circumstances, and the trial court properly determined that her action against James should be dismissed under Rule 103(b).

For the foregoing reasons, we affirm the trial court order dismissing the plaintiff's claim.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.