SHIRLEY L. STASH, Plaintiff-Appellant, v. FRANCIS J. DOLL, Defendant-Appellee.

Third District   No. 3—91—0440

Opinion filed January 15, 1992.

Elmo E. Koos, Sr., of Peoria, for appellant.

T. Donald Henson, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle (Michael C. Jansz, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiff, Shirley Stash, appeals from a dismissal with prejudice of her claim against the defendant, Francis Doll, for lack of diligence in obtaining service of process. We reverse.

On August 1, 1986, plaintiff and defendant were involved in a traffic accident. On July 28, 1988, plaintiff filed suit against defendant. On August 1, 1988, a summons was issued and plaintiff attempted to have defendant served at the address shown on the accident report, which address was 1313 North Second Street, Henry, Illinois. The summons was returned expired and unserved because the address was incorrect.

Plaintiff inquired about the matter and learned that the house at the Henry address was vacant. Plaintiff then contacted the Secretary of State's office and was told that the license number shown on the accident report was nonexistent in Illinois. Plaintiff contacted the Marshall County sheriff's office to learn where defendant lived, but to no avail. The 1989/90 telephone directory for the Lacon-Henry-Chillicothe area did not show a listing for defendant.

In early January 1990, plaintiff learned from the sheriff's office that defendant resided in Varna, Illinois. On January 9, 1990, an alias summons was procured and two days later defendant was served.

In December 1990, defendant filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), alleging that plaintiff failed to exercise reasonable diligence in serving process on defendant. In January 1991 the court granted the motion and dismissed the cause with prejudice. Plaintiff now appeals.

Supreme Court Rule 103(b) provides in relevant part that an action shall be dismissed with prejudice if a plaintiff's failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations. The dismissal of an action pursuant to Rule 103(b) is within the discretion of the trial court and will not be disturbed on review absent an abuse of that discretion. *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010.

Each case must be determined on its own facts, but the court will consider several factors to determine whether a plaintiff has carried his burden of showing that he has exercised reasonable diligence: (1) length of time used to obtain service; (2) the activities of the plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's location could have been ascertained; (5) defendant's actual knowledge of the pendency of the action; and (6) special

circumstances which would affect the plaintiff's efforts. *North Cicero Dodge, Inc. v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 503 N.E.2d 868.

In *North Cicero*, the court upheld the dismissal with prejudice under Rule 103(b) of plaintiff's auto accident case. It pointed out that plaintiff filed its complaint and issued the original summons one day before the statute of limitations expired. Following return of the unanswered summons, plaintiff spent 20 months examining 10 telephone directories before finding defendant's address. The court stated that plaintiff could have easily discovered the address through defendant's corporation registration, through the truck's operating permit with the Illinois Commerce Commission, through defendant's corporate registration, or through defendant's vehicle registration with the Secretary of State.

Under the facts of the instant case, a determination of lack of diligence and the dismissal of plaintiff's cause of action was an abuse of discretion. As to the first factor set forth in *North Cicero*, length of time, plaintiff did file her lawsuit shortly before the statute of limitations expired and did wait 17 months before having an alias summons issued after the original summons was returned unserved. However, this lengthy delay can partly be charged to defendant's maintaining a resident address with the Secretary of State in a home that he did not occupy.

As to the activities of plaintiff, plaintiff here had consulted the accident report to determine where to find defendant. She learned that the home at that address was vacant after the process server attempted service there. Plaintiff then contacted the Secretary of State's office, only to be told that the license number written on the accident report was not an existing number in Illinois. Plaintiff consulted the area telephone directory and also made periodic inquiries at the Marshall County sheriff's office. While she could have investigated in further ways, plaintiff's efforts were frustrated by defendant's failure to provide his current resident address to the Secretary of State.

We note that it is a strong policy of the State of Illinois, as reflected in the statute (Ill. Rev. Stat. 1989, ch. 95½, par. 6—116), that all drivers are to maintain their current address with the Secretary of State's office, and are, in fact, required by statute to notify him of any change within 10 days.

As to the third factor, plaintiff did not know where defendant was located. Defendant asserts that plaintiff's reliance on the process server's notation that the address was incorrect was not objectively

reasonable. We disagree with this contention. Plaintiff should be allowed to rely on the return of service from the process server. She was objectively reasonable in believing that defendant did not live at the Henry address.

As to the fourth factor, the records kept with the Secretary of State—the one usually ready indicator of proper address—were not reliable here. This made locating defendant a more difficult process and distinguishes this case from *North Cicero Dodge*. Moreover, in the face of defendant's failure to update his resident address with the Secretary of State, we are unwilling to impose on plaintiff a duty that she hire a special process server to locate and serve defendant.

As to the fifth factor, there have been no claims that defendant knew of the pendency of plaintiff's action.

Finally, there are special circumstances here which affected plaintiff's efforts to serve defendant. The defendant's driver's license number was incorrect on the accident report. While not defendant's fault, this did occasion some delay on plaintiff's part in serving defendant.

The judgment of the circuit court of Marshall County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

STOUDER and HAASE, JJ., concur.