TAMMIE R. PARKER, Indiv. and as Mother and Next Friend of James Parker, a Minor, Plaintiffs-Appellants, v. LORI M. PISKUR, Defendant-Appellee.

Third District    No. 3—93—0491

Opinion filed March 8, 1994.

Pomper & Goodman, of Chicago (J. Chris Goodman, of counsel), for appellants.

Robert Schey & Associates, of Chicago (Shari Shelmadine, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiffs Tammie Parker and her minor son, James Parker, filed a personal injury complaint against defendant Lori Piskur. They appeal from the dismissal of their action for want of due diligence in service of process as required by Supreme Court Rule 103(b) (134 Ill. 2d R. 103). We affirm the dismissal and modify the order as to James.

This litigation arose out of the collision of defendant's automobile with the rear end of plaintiffs' automobile while both vehicles were proceeding north on Route 59 in Du Page County on December 21, 1988. Both Tammie Parker, the driver, and her son James, a passenger, claimed personal injury as a result of the collision. Plaintiffs filed their complaint in Will County on December 18, 1990, a few days before the expiration of the two-year statute of limitations applicable to tort claims, but no summons was issued at that time.

Defendant's insurer, Western States Insurance Company, through its adjustor Lavonne D. Ohlson, investigated the accident and determined that liability existed. Ohlson negotiated a settlement with plaintiffs' attorney whereby Western States would pay $8,650 for the injury claim of Tammie Parker and $1,000 for that of James Parker. On January 28, 1991, Ohlson sent the attorney releases for plaintiffs to sign and requested dismissal of the suit.

Plaintiffs refused to sign the releases and instead retained different counsel to represent them. According to the circuit court docket, nothing further occurred until June 19, 1992, when plaintiffs' new attorney filed an appearance as counsel for plaintiffs. The new attorney first attempted to locate defendant at the Minooka address defendant had given the police officer who investigated the accident, and then, upon learning that defendant no longer resided there, by contacting the Illinois Secretary of State and learning that she had surrendered her Illinois driver's license to California on February 8, 1990. The Minooka postmaster had no change of address for defendant.

Subsequently, plaintiffs' attorney learned that defendant had resided in Costa Mesa, California, but had moved with no forwarding address. He also obtained a second California address for defendant, but she no longer lived there either and, again, left no forwarding

address. Plaintiffs served a subpoena for deposition on defendant's father, Louis Piskur, on January 7, 1993.

Defendant then filed a limited and special appearance with a motion to quash the subpoena for deposition on the ground that plaintiffs had not obtained leave of court as required by Supreme Court Rule 201(d) (134 Ill. 2d R. 201(d)). Following a hearing, the trial court entered an order striking the motion to quash and noting that plaintiffs had withdrawn the subpoena. Plaintiffs then filed a motion for leave to take the deposition, and on January 29, 1993, the court granted the motion.

In the course of the deposition, defendant's father said that defendant had been a student in Costa Mesa, California, at the time of the accident. He disclosed her current address in Washington, D.C., where he said she is a student at American University. Summons was served on defendant in Washington on April 12, 1993.

On May 7, 1993, defendant filed the Rule 103(b) motion to dismiss the complaint along with a special and limited appearance. After hearing evidence and arguments of counsel, the trial court granted the motion.

## LACK OF DILIGENCE

The primary issue is whether the trial court abused its discretion in finding that plaintiffs did not use reasonable diligence in serving process on defendant. The rationale for Rule 103(b) was explained in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282, 492 N.E.2d 1322, 1326, where the Illinois Supreme Court stated:

"Nothing is more critical to the judicial function than the administration of justice without delay. [Citations.] Central to discharging this function, the judiciary must be unimpeded in considering and rendering judgments on matters before it. [Citations.] Rule 103(b) was adopted by this court to effectuate its historical and constitutional mandate to render justice fairly and promptly.

Due diligence in serving process is essential to this purpose, for it is the sole legally sufficient means of alerting defendants to the pendency of a civil suit."

Plaintiffs argue that service was originally delayed at the suggestion of the insurance adjustor who said service would not be necessary since a settlement was imminent. The subsequent delay is argued to be the result of defendant's deliberate concealment of her whereabouts by giving a wrong address to the police officer and by failing to provide forwarding addresses to the post office when she moved. Plaintiffs also point to their extensive efforts to locate defendant beginning July 1, 1992, and ending with the deposition of her father.

There is no dispute that plaintiffs made a praiseworthy effort to locate defendant during the $9^1/2$ months preceding service. However, the question of reasonable diligence does not turn upon what happened after July 1, 1992, but rather upon what happened during the 18 months between the filing of the complaint on December 18, 1990, and the first attempt to serve a summons on July 1, 1992. Although settlement negotiations were pending during the first two months after filing, the evidence discloses that plaintiffs' first attorney was discharged in February of 1991, shortly after the insurance company's offer was received, and the case was placed in the hands of new counsel shortly thereafter.

No action was taken on the case by the new attorneys because plaintiffs' documents were placed in a file jacket bearing a different client's name and the error was not discovered until June of 1992. The trial court found that the delay between plaintiffs' rejection of the settlement and the attempts to locate her beginning June 19, 1992, constituted a lack of due diligence.

Dismissal of an action pursuant to Rule 103(b) is within the sound discretion of the trial court and will not be disturbed on review in the absence of an abuse of discretion. (*Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 209, 372 N.E.2d 1010, 1013.) The standard for determining reasonable diligence is an objective one, and plaintiffs have the burden of showing that they exercised such diligence in their efforts to obtain service. *North Cicero Dodge, Inc., v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 863, 503 N.E.2d 868, 870.

■ We have examined the factors which courts consider in determining the issue of diligence, including the length of time used to obtain service; the activities of plaintiffs; plaintiffs' knowledge of defendant's location; the ease with which defendant's location could have been ascertained; defendant's actual knowledge of the pendency of the action; and special circumstances affecting the plaintiffs' efforts. (*North Cicero Dodge, Inc.*, 151 Ill. App. 3d 860, 503 N.E.2d 868.) We conclude that the trial court did not abuse its discretion in dismissing plaintiffs' complaint.

## NO ESTOPPEL

■ Plaintiffs contend that defendant is estopped from asserting their lack of diligence because defendant misrepresented and concealed her correct address at the time of the accident and thereafter when she failed to maintain her current address with the Secretary of State as required by Illinois law. She relies upon *Stash v. Doll* (1992), 223 Ill. App. 3d 662, 585 N.E.2d 1094, where this court re-

versed a Rule 103(b) dismissal of a cause of action on the ground that the defendant had not informed the Secretary of State of his address. However, the defendant in that case was a resident of Illinois and was obligated to maintain a current address with the Secretary of State. Here defendant no longer resided in Illinois and had surrendered her Illinois driver's license to the State of California on February 8, 1990, before suit was filed by plaintiffs. Thus, defendant had no duty to notify the Secretary of State of her change of address.

Another ground for estoppel advanced by plaintiffs is that the insurance adjustor advised plaintiffs that service would not be necessary since settlement of the case was imminent. Plaintiffs ignore their rejection of the settlement in February of 1991. Obviously, they knew from that time forward that service would be necessary; hence, reliance on the insurance adjustor's suggestion, given in December of 1990, did not estop defendant from asserting plaintiffs' lack of diligence between February of 1991 and July of 1992.

## NO WAIVER

Plaintiffs also contend that defendant waived her right to object to their lack of diligence in serving process because her motion to quash plaintiffs' discovery subpoena directed to defendant's father was in reality a general appearance, not a special appearance to object to the jurisdiction of the court.

■ A motion for a Rule 103(b) dismissal is not the equivalent of a motion to dismiss for lack of jurisdiction, but on the contrary, actually seeks to invoke the court's jurisdiction to obtain a dismissal of plaintiffs' complaint. (*Schusterman v. Northwestern Medical Faculty Foundation* (1990), 195 Ill. App. 3d 632, 637, 552 N.E.2d 1178, 1181.) The court in *Schusterman* ruled as follows:

"Moreover, plaintiff cannot assert that defendants waived any objection under Rule 103(b) by participating in the litigation where defendants promptly filed motions under Rule 103(b) and where the record contains no evidence that defendants engaged in discovery or in any way defended the action on its merits. (*Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 211, 372 N.E.2d 1010, 1014.) Active participation in the defense of an action on its merits is the only kind of activity which can amount to a waiver of an objection under Rule 103(b). *Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 703, 396 N.E.2d 586, 591."

Accord *Muskat v. Sternberg* (1991), 211 Ill. App. 3d 1052, 1058, 570 N.E.2d 696, 699.

Accordingly, we hold that the trial court did not abuse its discretion in determining that defendant had not waived her Rule 103(b) objection by filing a motion to quash a discovery subpoena prior to being served.

## MINOR PLAINTIFF

We must consider the propriety of the trial court's dismissal of James Parker's cause of action against defendant. James is a minor, born on January 22, 1980. The statute of limitations does not expire as to him until two years after he reaches the age of 18, *i.e.*, January 22, 2000. (735 ILCS 5/13—211 (West 1992); *In re Estate of Sheehan* (1937), 290 Ill. App. 551, 9 N.E.2d 63.) Rule 103(b) expressly provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service *prior* to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed *without prejudice.* If the failure to exercise reasonable diligence to obtain service occurs *after* the expiration of the applicable statute of limitations, the dismissal shall be *with prejudice.*" (Emphasis added.) 134 Ill. 2d R. 103(b).

The language of Rule 103(b) protects minors from a shortening of the statute of limitations applicable to them in a case where the defendant is entitled to a dismissal. Applying the plain language of the statute to the facts before us, we conclude that the trial court erred in dismissing the complaint with prejudice as to James. The dismissal should be without prejudice to his right to refile this action within the limitation period.

The dismissal order of the circuit court of Will County is affirmed subject to modification to indicate that it is without prejudice as to James Parker.

Affirmed as modified.

BARRY and BRESLIN, JJ., concur.