ELEONORA McCORMACK, Plaintiff-Appellant, v. SOPHIE LEONS *et al.*, Defendants-Appellees.

Third District    No. 3—93—0582

Opinion filed April 29, 1994.

BRESLIN, J., dissenting.

Jeffrey Friedman, of Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon, of counsel), for appellant.

Rooks, Pitts & Poust (Michael Gahan, of counsel), and James B. Harvey, of McKeown Law Office, both of Joliet, for appellee Sophie Leons.

JUSTICE LYTTON delivered the opinion of the court:

A premises liability action was brought in the circuit court of Will County by Eleonora McCormack against Sophie Leons and the Village of Romeoville. Upon motion of Leons, plaintiff's cause was dismissed for want of due diligence in the service of summons pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)). Plaintiff appeals from the order of dismissal. We reverse and remand.

This action was originally filed on August 23, 1990. Plaintiff alleged that she was injured on September 26, 1989, when she fell over a water shut-off valve located on the premises owned by Leons. Both defendants were timely served, and after discovery was completed,

the cause was set for a jury trial on August 16, 1991. At the final pretrial status call, plaintiff failed to appear, and the trial court dismissed the case for want of prosecution.

As authorized in section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)), plaintiff refiled her premises liability action on September 30, 1991, and summons issued. The Village was served immediately, but Leons was not found at the residence where she had resided at the time of the accident and where she had been served with summons in 1990. Plaintiff then hired an investigator, Weldon Veazey, who went to Leons' house in Romeoville. He found it unoccupied. When questioning neighbors of Leons, he was told that she resided in both Romeoville and Florida, but no one knew her Florida location. Hoping to find Leons at home, Veazey made eight trips to the Romeoville address between December of 1991 and December of 1992 without ever finding her. He also checked Will County and Chicago area telephone directories without finding Leons' name and address.

Since plaintiff was a niece of Leons, she tried to learn where Leons lived in Florida from family members, but because of hard feelings among her relatives over the lawsuit, no one would give her Leons' Florida address. The office of the Illinois Secretary of State was contacted and responded that Leons did not have an Illinois driver's license. An inquiry directed to the postmaster disclosed that Leons' forwarding order had expired. Plaintiff was not able to locate Leons until December of 1992 when a relative finally told plaintiff what Leons' Florida address was. Alias summons was obtained, and service was made at Leons' residence in Gulfport, Florida, on February 10, 1993.

Leons filed a motion to dismiss the complaint on the grounds that plaintiff had not exercised due diligence in serving process on her in violation of Supreme Court Rule 103(b). Plaintiff filed a response to the motion supported by Veazey's affidavit, and following a hearing, the trial court granted Leons' motion to dismiss with prejudice. Plaintiff's motion to reconsider was denied.

The issue on appeal is whether the trial court abused its discretion in dismissing plaintiff's action against Leons with prejudice. Rule 103(b) provides:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice." 134 Ill. 2d R. 103(b).

The purpose of Rule 103(b) is to prevent intentional delay in the service of summons which would postpone service until sometime after the statutory period of limitations has run. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 286, 555 N.E.2d 719, 720.) In *Segal,* the court stated:

"Dismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a 'fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.' " 136 Ill. 2d at 288, 555 N.E.2d at 721, quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90.

Dismissal of this cause for lack of due diligence does not come within the purpose and intent of the statute. Leons has not been deprived of an opportunity to investigate the circumstances surrounding the claim against her because discovery had been completed and the cause was ready for trial before the original complaint was dismissed. Also, although plaintiff had one year to refile her lawsuit after the trial court's dismissal for want of prosecution (735 ILCS 5/13—217), she in fact refiled only 45 days after the dismissal on September 30, 1991, just a few days after the expiration of the statute of limitations.

The public policy of Illinois favors determining controversies according to the substantive rights of the parties. (735 ILCS 5/1—106 (West 1992); *Cannon v. Dini* (1992), 226 Ill. App. 3d 82, 589 N.E.2d 653.) To further that end, courts have held that Rule 103(b) is not to be used merely to clear a crowded docket. (*Cannon v. Dini,* 226 Ill. App. 3d 82, 589 N.E.2d 653; *Galvan v. Morales* (1972), 9 Ill. App. 3d 255, 292 N.E.2d 36.) If plaintiff made a reasonable effort to locate defendant during the months between filing the complaint and service of summons, a dismissal order would not be proper.

It is not disputed that plaintiff hired an investigator who made numerous visits to defendant's house in Romeoville and made inquiries in the neighborhood in an effort to locate defendant. He also checked telephone books. In addition, plaintiff contacted the post office and Secretary of State. These were substantial efforts. Plaintiffs are not required to do everything possible to discover a defendant's whereabouts, but rather are expected to exercise reasonable diligence. See generally *Stash v. Doll* (1992), 223 Ill. App. 3d 662, 585 N.E.2d 1094; *Galvan v. Morales,* 9 Ill. App. 3d 255, 292 N.E.2d 36.

Illinois courts usually examine six factors to determine whether to allow or deny a Rule 103(b) motion: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's

whereabouts could have been ascertained; (5) defendant's actual knowledge of pendency of the action; and (6) special circumstances which would affect plaintiff's efforts. *Stash v. Doll*, 223 Ill. App. 3d at 663-64, 585 N.E.2d at 1096.

Plaintiff obtained service on defendant 16 months after refiling her complaint. Plaintiff was persistent in trying to locate defendant during the entire interval, and she had no personal knowledge of defendant's location. Defendant had actual knowledge of plaintiff's claim and had participated in discovery during the preceding cause of action. Two special circumstances made plaintiff's task difficult. Defendant did not return to her Romeoville residence as she had in earlier years, and plaintiff's family was uncooperative in revealing defendant's address.

Plaintiff relied upon the information obtained from neighbors by her investigator indicating that defendant continued to reside in Romeoville for part of each year. Such reliance was reasonable. (*Stash v. Doll*, 223 Ill. App. 3d at 665, 585 N.E.2d at 1096.) Furthermore, hiring her own investigator to try to locate defendant went beyond what courts have previously been willing to require of a plaintiff. In *Stash v. Doll* (223 Ill. App. 3d at 665, 585 N.E.2d at 1097), the court said:

"[W]e are unwilling to impose on plaintiff a duty that she hire a special process server to locate and serve defendant."

Defendant suggests that plaintiff could have tried to locate defendant by calling information or checking telephone directories in Florida, but the fact that plaintiff could have done more is not the standard. Plaintiff should not be judged by the wisdom of hindsight but rather by what was reasonable according to what she knew at the time. Rule 103(b) cannot require more than that.

The cases relied upon by defendant are readily distinguishable from the case before us. In *North Cicero Dodge, Inc. v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 503 N.E.2d 868, the plaintiff failed to check such obvious sources as the accident report where defendant's address was available and instead delayed 20 months in obtaining service. A Rule 103(b) dismissal was affirmed. In *Paglis v. Black* (1989), 178 Ill. App. 3d 1062, 534 N.E.2d 206, the plaintiff knew the defendant's location but delayed serving process $5^1/2$ months for no good reason. Again, the dismissal was affirmed. Dismissals have also been affirmed in cases where service was delayed due to inadvertence and oversight. (*Parker v. Piskur* (1994), 258 Ill. App. 3d 344; *Schusterman v. Northwestern Medical Faculty Foundation* (1990), 195 Ill. App. 3d 632, 552 N.E.2d 1178.) The lapse of time here was not due to inattention on plaintiff's part.

We are persuaded that plaintiff made a reasonable effort to locate defendant and the trial court abused its discretion in ruling to the contrary. Accordingly, we reverse the order of the circuit court of Will County dismissing plaintiff's cause of action against Leons, and we remand for further proceedings.

Reversed and remanded.

SLATER, P.J., concurs.

JUSTICE BRESLIN, dissenting:

Dismissal of an action pursuant to Rule 103(b) is within the sound discretion of the trial court; it should not be disturbed on review absent an abuse of that discretion. (*North Cicero Dodge, Inc. v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 503 N.E.2d 868.) An abuse of discretion will be found only when no reasonable person could take the view of the trial court. (*King v. American Food Equipment Co.* (1987), 160 Ill. App. 3d 898, 513 N.E.2d 958.) Our job on review is not to rejudge the matter, but to determine whether an abuse of discretion has occurred. Unlike the majority, I can find no such abuse.

Looking to the six factors to be considered in a Rule 103(b) analysis, I find that the plaintiff took nearly 17 months to serve the defendant (first factor); conducted no search activities in Florida (second factor) even though she knew that the defendant may have been in Florida (third factor); that the defendant could have been located relatively easily (fourth factor) by conducting a skip trace; that the plaintiff failed to show that the defendant did in fact know of the reinstatement of the suit (fifth factor); and that the only "special circumstances" shown by the plaintiff were the bad feelings of the family members (sixth factor), which may have kept her from learning of the defendant's location by the easiest method but did not stop her from learning of it through other avenues.

By finding that this plaintiff has exercised due diligence, the majority invites every plaintiff to delay service by attempting to reach the defendant at an address which the plaintiff knows, or has reason to know, is not valid and follow up that delay with the response, "I thought the defendant would return someday." I cannot condone such an invitation. I respectfully dissent.