SECOND DIVISION 

   JUNE 30, 1998 

1-97-3562

KREYKES ELECTRIC, INC., ) APPEAL FROM THE

) CIRCUIT COURT OF

Plaintiff-Appellant, ) COOK COUNTY

)

v. ) No. 95-L-016287

)

MALK AND HARRIS, a Law Partnership, ) THE HONORABLE

CHARLES R. MALK AND ASSOCIATES, LTD., ) DAVID G. 

CHARLES R. MALK, Indiv., ) LICHTENSTEIN,

STEVEN M. HARRIS, LTD., ) JUDGE PRESIDING.

STEVEN M. HARRIS, Indiv., )

and STEVEN W. WORKMAN, Indiv., )

)

Defendants-Appellees. )

JUSTICE COUSINS delivered the opinion of the court: 

Plaintiff, Kreykes Electric, Inc., is an electrical contractor that brought a legal malpractice action against the law firm and individual attorneys it had retained to prosecute a mechanics lien foreclosure.  The circuit court of Cook County granted defendants' motions to dismiss pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), finding that plaintiff failed to exercise reasonable diligence in obtaining service of process.  On plaintiff's motion for reconsideration, the circuit court allowed its prior order to stand and specifically rejected plaintiff's argument that defendants waived their Rule 103(b) defense.  On appeal, plaintiff argues that the circuit court erred by:  (1) granting defendants' motions to dismiss plaintiff's malpractice claim; and (2) not properly considering plaintiff's waiver argument against defendants' motion to dismiss.

BACKGROUND

In 1993, plaintiff retained the law firm of Malk & Harris
(footnote: 1) to commence a mechanics lien action.  Malk & Harris made an untimely filing of plaintiff's mechanics lien complaint on March 4, 1993.  By early April 1993, plaintiff substituted the law firm of McFadden & Dillon for Malk & Harris.  On May 3, 1993, the owner of the subject property filed a motion to dismiss the mechanics lien claim on the grounds that it was untimely filed.

Soon thereafter, plaintiff's new counsel, with the aid of attorneys at or associated with Malk & Harris, prepared the response to the aforementioned motion to dismiss the mechanics lien suit.  During that time, plaintiff also sent a letter to an attorney at Malk & Harris stating, 
inter
 
alia
, that, should the dismissal of plaintiff's mechanics lien action be upheld, plaintiff would seek damages from Malk & Harris for malpractice.

On November 17, 1993, the circuit court dismissed the mechanics lien suit with prejudice on the grounds that it was not timely filed.  According to plaintiff, an attorney at Malk & Harris subsequently requested that plaintiff file a notice of appeal of the November 17, 1993, order and that plaintiff refrain from proceeding with a malpractice action until the underlying dismissal order could be challenged on appeal.  During the next two years, the issues on appeal were briefed with some input from Malk & Harris and argued in October 1995.

As the end of the two-year period following the entry of the November 17, 1993, dismissal order approached, the decision of the appellate court was still pending.  Consequently, plaintiff filed the instant complaint on November 16, 1995; one day before the applicable statute of limitations expired.  On December 22, 1995, the appellate court affirmed the dismissal order.  Shortly thereafter, plaintiff decided to proceed with its malpractice action against defendants and purportedly began preparing summonses for service upon defendants.

On January 24, 1996, before any summonses were placed for service, plaintiff failed to appear for a status hearing, and the trial court dismissed plaintiff's claim for want of prosecution.  Plaintiff subsequently filed a motion to vacate the dismissal, which was granted on March 1, 1996.  Defendants were finally served with process on April 10, 1996, nearly five months after plaintiff's malpractice complaint was filed.  Defendants answered with motions pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), asserting that plaintiff's lack of diligence in obtaining service after the expiration of the statute of limitations warranted dismissal of plaintiff's claim with prejudice.

On May 14, 1997, the circuit court granted defendants' motions to dismiss plaintiff's malpractice claim with prejudice on the grounds that plaintiff failed to exercise reasonable diligence in effectuating service of process.  In addition, the court, on its own motion, dismissed defendants Steven M. Harris, Ltd., and Malk & Harris on the grounds that plaintiff never effectuated service upon them.  Plaintiff subsequently filed a motion for reconsideration, which was granted, in part, by the circuit court on August 22, 1997.  In the order on reconsideration, the circuit court amended its prior order by rejecting plaintiff's argument that defendants waived their Rule 103(b) defense, stating that plaintiff's waiver argument was insufficient.  The circuit court upheld its prior order in all other respects, and plaintiff appeals from both the May 14, 1997, and August 22, 1997, orders.

We affirm.

ANALYSIS

Plaintiff first contends that the circuit court erred by granting defendants' motions to dismiss based upon Supreme Court Rule 103(b). 134 Ill. 2d R. 103(b).  That rule provides as follows:

"Dismissal for Lack of Diligence.  If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice.  If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice.  In either case the dismissal may be made on the application of any defendant or on the court's own motion." 134 Ill. 2d R. 103(b).

We note that "[t]he rules of our supreme court are not aspirational.  'They have the force of law, and the presumption must be that they will be obeyed and enforced as written.' " 
Billerbeck v. Caterpillar Tractor Co.
, 292 Ill. App. 3d 350, 353, 685 N.E.2d 1018, 1020 (1997), quoting 
Bright v. Dicke
, 166 Ill. 2d 204, 210 (1995).  As a rule, the trial court has broad discretion in granting or denying a motion brought under Rule 103(b) (
Marks v. Rueben H. Donnelly, Inc.
, 260 Ill. App. 3d 1042, 1047, 636 N.E.2d 825, 829 (1994)), and this court will not disturb the trial court's ruling absent an abuse of that discretion (
Stash v. Doll
, 223 Ill. App. 3d 662, 663, 585 N.E.2d 1094, 1096 (1992)).  The rule " 'has an essential purpose in promoting the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence.' " 
Segal v. Sacco
, 136 Ill. 2d 282, 285-86 (1990) (Ryan, J., dissenting), quoting 
Karpiel v. LaSalle National Bank
, 119 Ill. App. 2d 157, 161, 255 N.E.2d 61, 63 (1970).  Furthermore, Rule 103(b) is not rooted in a subjective test of the plaintiff's intent but, rather, upon an objective evaluation of reasonable diligence in obtaining service of process. 
Marks
, 260 Ill. App. 3d at 1047, 636 N.E.2d at 829, citing 
Parker v. Universal Packaging Corp.
, 200 Ill. App. 3d 882, 886, 558 N.E.2d 203, 205 (1990).  We also note that the burden rests with the plaintiff to demonstrate reasonable diligence in effectuating service, and the defendant is not required to establish that it was prejudiced by plaintiff's delay. 
Billerbeck
, 292 Ill. App. 3d at 352, 685 N.E.2d at 1020; 
Tischer v. Jordan
, 269 Ill. App. 3d 301, 307, 645 N.E.2d 991, 995 (1995); 
Phifer v. Hayes
, 20 Ill. App. 3d 635, 640, 314 N.E.2d 473, 476-77 (1974).

All parties in the instant case cite the Illinois Supreme Court case of 
Segal
 as being favorable to their respective cases.  We agree that 
Segal
 is instructive in this matter, as it delineates a seven-factor rule for determining whether a court should grant a Rule 103(b) motion.  The elements to be weighed are:

(1) the length of time used to obtain service of process;

(2) the activities of the plaintiff;

(3) the plaintiff's knowledge of the defendant's location;

(4) the ease with which the defendant's whereabouts could have been ascertained;

(5) actual knowledge on the part of the defendant of the pendency of the action;

(6) special circumstances which would affect the plaintiff's efforts; and

(7) actual service on the defendant.

In the case 
sub
 
judice
, the trial judge made specific findings with respect to each of the aforementioned factors.  Regarding the first two factors, the trial court found that plaintiff made virtually no attempt to serve defendants until nearly five months after the expiration of the two-year statute of limitations.  The trial court was unpersuaded by plaintiff's argument that it, nonetheless, began to prepare the summonses for service sometime after the new year and that its efforts were hampered by the unexpected dismissal for want of prosecution.

Similarly, the trial court's findings with respect to the third and fourth 
Segal
 factors
 militated in favor of defendants.  Plaintiff argues that it had special difficulty in locating defendants due to the disbanding of the Malk & Harris law partnership.  The evidence revealed, however, that both Charles Malk and Steven Harris were, at all times, practicing attorneys who were registered with the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, listed in numerous law directories, and who maintained the same offices and addresses following the dissolution of their partnership.  Significantly, the trial court noted that plaintiff made no attempt to make an evidentiary showing that the dissolution of Malk & Harris impinged upon its efforts to serve any summons.  Indeed, we find it disingenuous for plaintiff to argue, on one hand, that its efforts to serve defendants were impeded when Malk & Harris dissolved, yet argue, on the other hand, that it continually kept Malk & Harris abreast of its ongoing litigation.

Despite plaintiff's contention that defendants had notice of plaintiff's malpractice action by virtue of a letter dated June 23, 1993, warning defendants that plaintiff might seek damages from them, the trial court found that the fifth 
Segal
 factor weighed in defendants' favor due to lack of evidence that defendants had knowledge of the malpractice action prior to the date of service.  We agree.  In our view, the cautionary letter relied upon by plaintiff, as well as defendants' intermittent assistance in plaintiff's response to the motion to dismiss its mechanics lien action, did not establish that defendants had knowledge of the filing of plaintiff's malpractice complaint before receiving actual service on April 10, 1996.

As to the sixth factor, the trial court found that no special circumstances existed to justify plaintiff's delay in effectuating service of process.  The trial court noted that the only item of record at the time the Rule 103(b) motion to dismiss was decided was plaintiff's assertion that it intentionally delayed in filing suit at the request of an attorney at Malk & Harris.  Importantly, in granting defendants' motion to dismiss plaintiff's malpractice claim, the court made the following finding:

"No claim is made that [plaintiff] delayed 
effecting service of summons
 at the request of any defendant representative, nor is *** any satisfactory explanation made as to why, having decided to file suit, *** 
plaintiff decided that the fact of the filing could be kept from the defendants being sued by intentionally delaying issuance of summons
." (Emphasis added.)

Finally, although plaintiff eventually obtained actual service upon certain defendants, it occurred nearly five months after the expiration of the statute of limitations.  Importantly, plaintiff never caused summons to issue to defendants Steven M. Harris, Ltd., and Malk & Harris.  Indeed, the trial court noted that the record was replete with evidence that plaintiff failed to exercise reasonable diligence.  In brief, it was shown that plaintiff intentionally chose not to cause summons to issue, caused its case to be dismissed for want of prosecution, delayed in moving to vacate that dismissal, and again delayed nearly one entire month before causing summons to issue after its case was reinstated.

Although all parties in the instant case cite 
Segal
, 136 Ill. 2d 282, as supportive of their respective contentions, in our view, the trial court did not abuse its discretion by dismissing plaintiff's claim.  Significantly, in 
Segal
, the Illinois Supreme Court wrote, in pertinent part:

"The purpose of Rule 103(b) is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." 
Segal
, 136 Ill. 2d at 286, citing 
Hanna v. Kelly
, 91 Ill. App. 3d 896, 900, 414 N.E.2d 1262, 1266 (1980), and 
Galvan v. Morales
, 9 Ill. App. 3d 255, 258, 292 N.E.2d 36, 38 (1972).

In our view, plaintiff's conduct in the case 
sub
 
judice
, in effect, extended the statute of limitations and thereby abridged Rule 103(b).

Importantly, in 
Segal
, the supreme court stated:

"It has long been noted that '[p]revention of 
intentional
 delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run, was a primary reason for the passage of Supreme Court Rule 103(b) and its predecessors.' " (Emphasis added.) 
Segal
, 136 Ill. 2d at 286, quoting 
Karpiel v. LaSalle National Bank
, 119 Ill. App. 2d 157, 160, 255 N.E.2d 61, 63 (1970), and citing 
Meyer v. Wardrop
, 37 Ill. App. 3d 243, 345 N.E.2d 762 (1976).

In the instant case, the trial court made a specific finding that plaintiff intentionally delayed the issuance of summons.  While plaintiff posits that the facts of the instant case cannot be distinguished from the facts in 
Segal
, we disagree.  In 
Segal
, the supreme court wrote that "the reason given by plaintiff for failure to place the summonses for service for 19 weeks after the filing of his complaint was that plaintiff inadvertently forgot to do so." 
Segal
, 136 Ill. 2d at 287.  In our view, we cannot say that the same rationale that was applied by the supreme court in deciding 
Segal
, where the court stated that the plaintiff inadvertently forgot to place summons, controls the determination of dismissal of plaintiff's complaint in the instant case, where plaintiff intentionally failed to place summons.

Plaintiff, nevertheless, cites as dispositive the following language in 
Segal
:

"In this case, because the length of the delay in the service of process was such that the purpose of Rule 103(b) would not be served by dismissing plaintiff's action, the allowance of defendants' Rule 103(b) motion by the circuit court was an abuse of discretion.  It would not be an abuse of discretion for a circuit court to allow a dismissal with prejudice under Rule 103(b) for a delay equal to or shorter than the delay present in this case if the delay occurs under circumstances which serve to deny the defendants a 'fair opportunity to investigate the circumstances upon which liability against [the defendants] is predicated while the facts are accessible.' " 
Segal
, 136 Ill. 2d at 289, quoting 
Geneva Construction Co. v. Martin Transfer & Storage Co.
, 4 Ill. 2d 273, 289-90 (1954).

Plaintiff's contention, however, ignores the previously mentioned policy considerations underlying Supreme Court Rule 103(b) that 
Segal
 and other cases have deemed instructive.
  In the present case, we believe that the trial court's dismissal of plaintiff's claim served the purpose of Rule 103(b) by recognizing that plaintiff's intentional five-month delay in service improperly protracted the applicable statute of limitations. See 
Womick v. Jackson County Nursing Home
, 137 Ill. 2d 371 (1990) (trial court properly considered only plaintiff's diligence in serving process and properly ruled that plaintiff did not act with reasonable diligence in waiting several months (after filing suit two days before expiration of limitations period) to serve defendant, despite defendant's actual knowledge of pendency of suit, where defendant's whereabouts were known and it was easily served); 
Tischer v. Jordan
, 269 Ill. App. 3d 301, 645 N.E.2d 991 (1995) (case properly dismissed pursuant to Rule 103(b) where plaintiff's case was previously dismissed for want of prosecution, evidence showed repeated inaction by plaintiff, and plaintiff waited to effectuate service nearly six months after refiling complaint); 
Paglis v. Black
, 178 Ill. App. 3d 1062, 534 N.E.2d 206 (1989) (delay of more than five months in obtaining  service upon defendants in malpractice action, despite plaintiffs' knowledge of defendants' whereabouts, warranted Rule 103(b) dismissal); 
Penrod v. Sears, Roebuck & Co.
, 150 Ill. App. 3d 125, 501 N.E.2d 367 (1986) (cause properly dismissed where plaintiff made only minimal efforts to obtain service over a period of seven months); 
Gatto v. Nelson
, 142 Ill. App. 3d 284, 492 N.E.2d 1 (1986).  Moreover, in the case at bar, the trial court considered the seven-factor test outlined in 
Segal
, and the specific findings made by the trial court dictated the dismissal of plaintiff's claim in the instant case.

Our review of the record on appeal leads us to agree with the trial court that plaintiff failed to meet its burden of demonstrating reasonable diligence in attempting to obtain timely service upon defendants.  Accordingly, we hold that the trial court did not abuse its discretion in dismissing plaintiff's claim due to lack of diligence.

Lastly, plaintiff contends that the trial court erred in its ruling that plaintiff's waiver argument was insufficient.  Specifically, plaintiff argues that defendants waived their right to assert a Rule 103(b) defense by failing to properly interpose their objections and, instead, defending the merits of the malpractice action.

Plaintiff correctly states the general rule that a party must interpose an objection in a timely manner and prior to defending a suit on its merits.  
Cannon v. Dini
, 226 Ill. App. 3d 82, 84-85, 589 N.E.2d 653, 655 (1992).  Nevertheless, we find plaintiff's waiver argument lacking in merit.  Our review of the record reveals that, following the filing of plaintiff's third amended complaint, defendants did not answer the complaint but, instead, filed their Rule 103(b) motions to dismiss.  Defendants did not engage in any discovery, and attorney Malk's motion to dismiss plaintiff's complaint was brought pursuant to section 2-615 of the Illinois Code of Civil Procedure--a motion that is never considered a defense on the merits. 735 ILCS 5/2-615 (West 1996); see 
O'Hara v. State Farm Mutual Automobile Insurance Co.
, 137 Ill. App. 3d 131, 134, 484 N.E.2d 834, 836-37 (1985).  Indeed, plaintiff fails to cite a single case that supports its position that defendants' actions prior to the filing of their Rule 103(b) motions to dismiss constituted defenses on the merits.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

McNULTY, P.J., and RAKOWSKI, J., concur.

FOOTNOTES
1: Malk & Harris was a partnership between the two professional corporations, Charles R. Malk & Associates, Ltd., and Steven M. Harris, Ltd., both of which have been named in the instant malpractice suit.  In addition, Charles R. Malk, Steven M. Harris, and Steven W. Workman, an associate of Malk & Harris, have been named in their individual capacities.