JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Shepard and an accomplice held up two different victims at gunpoint and forced their victims to withdraw money from various ATM locations. Shepard was indicted on multiple charges stemming from these incidents, and he pleaded guilty to two counts of aggravated robbery and two counts of kidnapping, which included two gun specifications. As a result, he received a nine-year term of incarceration. Shepard has appealed on the grounds that his plea was not voluntary because of the trial court's involvement in the plea negotiations.
Before entering into his plea agreement, Shepard had agreed to enter into a plea agreement with the state but had withdrawn his agreement at the last minute. Shepard initially refused to accept the plea at issue in this case. As a result of his initial refusal, Shepard's counsel sought permission to withdraw and requested that Shepard undergo an emergency psychiatric evaluation. Before ruling on these requests, the trial court had a lengthy and detailed discussion with Shepard about the various consequences, including length of incarceration, he would face based on whether he accepted the plea or went to trial. The court also made Shepard aware that if he did not accept the plea bargain, he would have a trial, and it briefly mentioned some of the state's evidence against him.
Judicial participation in a plea agreement is not per se invalid, but it is strongly discouraged because of the potential for coercion.[1]
The trial court's behavior in this case was not so extreme as to make Shepard's plea involuntary, but the discussion came very close to crossing a fine line between what is acceptable and what is not. Almost all potential for coercion could have been removed if the court had informed Shepard that, along with the possible sentences he could receive, there was also the possibility that he could go to trial and be found not guilty.
Once Shepard chose to accept the plea, his counsel withdrew both of his prior requests, concluding that Shepard was competent and no longer needed the psychiatric evaluation. Furthermore, the court engaged in a detailed colloquy satisfying the requirements of Crim. R. 11 regarding the nature and consequences of accepting the plea. Shepard was also given multiple opportunities to refuse the plea and to have a trial.
Generally, courts should refrain from participating in plea discussions with the parties. But after close scrutiny, we conclude that Shepard's plea was voluntary and not coerced by the trial court's participation in the plea negotiations.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Hendon JJ.
[1] State v. Byrd (1980), 63 Ohio St.2d 288, 585 N.E.2d 1094.