NOTICE
Decision filed 05/01/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 180342-U

NO. 5-18-0342

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| TIFFANY A. WILKERSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 16-L-19 |
| | ) | |
| SYDNEY L. NOVSEK, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Welch and Justice Moore concurred in the judgment.

**ORDER**

¶ 1  *Held*: The circuit court did not abuse its discretion when it dismissed plaintiff's complaint, with prejudice, for lack of diligence in obtaining service.

¶ 2  Plaintiff, Tiffany A. Wilkerson, appeals from an order of the circuit court of Jackson County that dismissed, with prejudice, her negligence complaint against defendant, Sydney L. Novsek, based on plaintiff's lack of diligence in effectuating service pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). For the following reasons, we affirm.

¶ 3                    I. Background

¶ 4  On February 8, 2016, plaintiff filed a negligence complaint against defendant. In her complaint, plaintiff alleged that, on February 10, 2014, defendant negligently operated her vehicle, causing defendant's vehicle to strike plaintiff's vehicle from behind at an intersection in

1

Carbondale, Illinois, which resulted in injuries to plaintiff. Although a summons was issued on the date plaintiff filed her complaint, the record does not indicate what, if any, action was taken with regard to that summons.

¶ 5    In October 2016, after plaintiff failed to effectuate service on defendant or request a setting in the preceding eight months, the circuit court issued notice that the case would be dismissed for want of prosecution absent a showing of good cause. Plaintiff filed a motion to allow the case to remain open, alleging that she filed the complaint to preserve the statute of limitations but was still treating for her injuries and negotiating the matter with defendant's insurance carrier. Plaintiff also alleged that she had not yet effectuated service on defendant because her whereabouts were unknown but claimed she would order another skip trace in an attempt to locate defendant. The court later granted plaintiff's motion and allowed the case to remain open.

¶ 6    In May 2017, the circuit court issued a second notice that the case would be dismissed for want of prosecution. Plaintiff filed a report to the court, alleging that she filed her complaint to preserve the statute of limitations while she continued treatment for her injuries and, although a summons was issued at that time, she had not yet effectuated service on defendant because she was negotiating the matter with defendant's insurance carrier. The record sheet includes a notation, "Alias to Issue," from May 19, 2017, but no alias summons has been included in the record on appeal and the record does not indicate what action, if any, plaintiff took with regard to that alias summons. Plaintiff filed an identical report to the court in December 2017.

¶ 7    On April 2, 2018, defendant filed a limited entry of appearance, along with a motion to dismiss plaintiff's complaint pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) and supporting legal memorandum. In her motion, defendant alleged that plaintiff filed her

2

complaint on February 8, 2016, and the applicable statute of limitations (735 ILCS 5/13-202 (West 2016)) expired on February 10, 2016. Defendant also alleged that she had never been served with a complaint and summons, although her "permanent residence address was at the home of her parents and had been so since 2006." According to defendant, plaintiff's actions, or lack thereof, in the two years that had passed since the filing of her complaint demonstrated a lack of diligence. Because plaintiff's failure to exercise reasonable diligence occurred after the expiration of the statute of limitations, defendant requested that the circuit court dismiss plaintiff's complaint with prejudice.

¶ 8    Defendant elaborated on several of these points in her supporting legal memorandum. Specifically, defendant argued that plaintiff had not obtained "or plausibly even attempted service" on defendant since filing her complaint two years earlier. Defendant claimed that, from the time of the collision to the filing of the complaint, her permanent address had remained the same and could have easily been discovered "by any skip tracer." Defendant acknowledged, however, that her address changed when she moved to Texas in October 2017. Defendant asserted that her insurance carrier was first notified of a claim when it received a letter from plaintiff's attorney on February 4, 2016, but closed its file on the matter on March 8, 2016, because it had not received notice of a summons and complaint. Defendant also asserted that, as of August 1, 2016, no settlement negotiations between her insurance carrier and plaintiff had taken place. Defendant, instead, claimed that her insurance carrier became aware the claim was still being pursued when plaintiff's attorney sent a letter and copies of the court filings, including the complaint, in January 2018.

¶ 9    In support, defendant attached her own affidavit, in which she attested to the following details. On February 10, 2014, she was a student at Southern Illinois University in Carbondale

3

and that her permanent address, which was listed on her driver's license, was her parents' residence at 17555 Timber Ridge Lane in Carlyle, Illinois. Defendant also attested that she had never been served with a complaint and summons, although her permanent address had remained the same until she moved to Texas in October 2017.

¶ 10    Defendant also attached an affidavit prepared by Ashley Dorocke, a supervisory senior staff attorney employed by American Family Mutual Insurance Company (American Family), who attested to the following details. She had served as a supervisory senior staff attorney for American Family since October 2017. While American Family received a lien letter from plaintiff's attorney on February 4, 2016, American Family had no notice of a complaint or summons at that time. American Family closed its file on March 8, 2016, because it had received no notice of a complaint or summons. American Family received a lien letter from Illinois Medicaid on July 26, 2016, but still had no notice of a summons and complaint. After receiving a letter from plaintiff's attorney, along with plaintiff's medical records and bills, on January 15, 2018, American Family contacted plaintiff's attorney and received a copy of the complaint and unserved summons. Contrary to plaintiff's previous representations to the circuit court, Dorocke attested that American Family "never engaged in settlement discussions with [p]laintiff's attorney."

¶ 11    The record sheet includes a notation, "Alias Summons Issued," on April 10, 2018. However, no alias summons has been included in the record on appeal and the record does not indicate what action, if any, plaintiff took with regard to that alias summons.

¶ 12    On April 11, 2018, plaintiff filed a response to defendant's motion to dismiss. Plaintiff alleged that she was still treating for the injuries she sustained during the collision and that her attorney had been gathering medical evidence, including records and bills, from her treatment

4

providers to present to defendant's insurance carrier. Plaintiff also asserted that defendant was clearly liable and that her attorney had been discussing the matter with an adjuster at American Family. According to plaintiff, the adjuster would call plaintiff's attorney from "time to time" for a status update but "was informed each time that the [plaintiff] was still treating." Although plaintiff had "hoped this matter could be resolved without further Court interaction," plaintiff alleged that she had "proceeded formally by having [defendant] served with an Alias Summons."

¶ 13    In support of her allegation that defendant was clearly liable, plaintiff attached the police report as an exhibit to her response. The police report included a traffic crash narrative, which provided that defendant's foot had slipped off the brake causing defendant's front bumper to strike plaintiff's rear bumper. The narrative further provided that neither party complained of pain, both parties declined medical treatment, and both parties drove away from the collision scene. The police report also included a traffic crash report, which estimated damage to plaintiff's vehicle was $500 or less. While a majority of each party's personal information, including their addresses, had been redacted from the police report, the crash report listed American Family as defendant's insurance carrier, the insurance policy number as "1908-8636-04-11," and defendant's zip code as "62901."

¶ 14    In support of her allegation of ongoing settlement negotiations with American Family, plaintiff attached copies of the correspondence exchanged between her attorney and American Family. The first document was a January 27, 2016, letter, titled "Notice of Attorney/Lien/Request for Certified Copy of Policy and Declaration Page," in which plaintiff's attorney advised he would be representing plaintiff with regard to the February 10, 2014, collision involving defendant and requested a certified copy of defendant's insurance policy. In the letter, plaintiff's attorney listed several of plaintiff's treatment providers and indicated that he

had enclosed a copy of the police report. The next document was a fax cover sheet, dated March 15, 2016, which indicated that plaintiff's attorney faxed a copy of the police report to American Family. Plaintiff also attached a January 8, 2018, letter, in which her attorney indicated that, although plaintiff was still treating, he would send the records and bills currently in plaintiff's file, and that he would forward updated records and bills upon receipt. Lastly, plaintiff attached a fax cover sheet, dated January 16, 2018, which indicated that plaintiff's attorney faxed American Family copies of the court filings, including the complaint, summons, Affidavit in Compliance with Supreme Court Rule 222(b), the motion to allow the case to remain open, the circuit court's order allowing the case to remain open, and one of the filed reports.

¶ 15 On April 23, 2018, defendant filed a reply to plaintiff's response. In her reply, defendant alleged that plaintiff had failed to meet her burden of showing she had exercised reasonable diligence in effecting service. Defendant noted that, in considering a Rule 103(b) motion to dismiss, the circuit court should consider the following six factors: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect the plaintiff's efforts; and (6) actual service on the defendant. With regard to the first factor, defendant maintained that the collision occurred four years earlier, and plaintiff had filed suit approximately 27 months earlier. With regard to the second factor, defendant asserted that plaintiff had "appeared in court and maintained this action knowing she had not served [defendant] with process." With regard to the third and fourth factors, defendant claimed that, at the time of collision, her address "was the same as it had been since 2006" and that her address had remained the same until she moved to Texas in 2017. With regard to the fifth factor, defendant asserted that plaintiff failed to identify

6

any special circumstances affecting her efforts to serve defendant. In addressing the final factor, defendant claimed that she had still not been served with the summons and complaint.

¶ 16   On May 10, 2018, plaintiff filed a motion for extension of time to file an additional response. In her motion, plaintiff requested that the circuit court grant her until May 30, 2018, to file an additional response due to her attorney's heavy caseload. In support, plaintiff attached an affidavit from her attorney, attesting that he was a solo practitioner and, due to a heavy caseload and trial schedule, he did not have adequate time to research and prepare an additional response.

¶ 17   On May 23, 2018, the circuit court entered an order dismissing plaintiff's complaint with prejudice without addressing plaintiff's motion for extension of time. In its order, the court indicated that it had considered plaintiff's response, which included her claims that she was still treating for her injuries and gathering records, defendant was clearly liable, an adjuster for American Family had spoken with plaintiff's attorney, and plaintiff had since served defendant with an alias summons. The court concluded that the only relevant element addressed in plaintiff's response was "whether the defendant has been served with summons and when was the service effectuated." In considering this element, the court noted that, although a summons was issued in February 2016 and alias summonses were ordered to issue in May 2017 and April 2018, the case file was devoid of any indication that defendant had ever been served. The court concluded that the facts were similar to those in *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371 (1990), and *Penrod v. Sears, Roebuck & Co.*, 150 Ill. App. 3d 125 (1986), in which courts found no evidence of diligence in effectuating service. In addition to the length of time between the collision and the filing of the complaint on February 8, 2016, the court noted that plaintiff did not seek issuance of an alias summons until she received a second notice that the case would be dismissed for want of prosecution in May 2017. The court further noted that the

7

motion to dismiss was filed "eleven months after the notice was issued that the case was going to be dismissed for want of prosecution, twenty-six months after the case was filed, and fifty months after the occurrence." Because the court's file was devoid of any indication that defendant had been served, the court found that there was clearly a lack of diligence. Thus, the court granted defendant's motion to dismiss pursuant to Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) and dismissed plaintiff's complaint with prejudice.

¶ 18    On June 14, 2018, plaintiff filed a motion to reconsider. In her motion, she alleged that American Family's knowledge of the pending matter and participation in discussions with plaintiff's attorney were factors that had affected service. In support, plaintiff attached an affidavit from Lori Burke, plaintiff's attorney's office manager, in which she attested that she had communicated with an adjuster at American Family through written correspondence, including letters and faxes, and by telephone every two to three months. Plaintiff also attached her own affidavit, attesting that she was still treating for the injuries she sustained during the collision. Lastly, plaintiff attached an affidavit from Gerard Chesney, a process server, titled "Affidavit of Non-Service Due Diligence." In his affidavit, Chesney attested to details regarding the numerous efforts he made to serve defendant in Texas, including defendant's failure to appear at a scheduled meeting and her failure to respond to subsequent phone calls or text messages.

¶ 19    On June 22, 2018, while her motion to reconsider remained pending before the circuit court, plaintiff filed a notice of appeal from the court's May 23, 2018, order dismissing her complaint with prejudice. In her appellate brief, plaintiff argued that the court erred when it (1) denied her additional time to plead, (2) dismissed her complaint with prejudice without considering the totality of the circumstances, and (3) failed to hold a hearing or rule on her

8

motion to reconsider. Following oral argument, this court entered an order, pursuant to Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017), holding the appeal in abeyance pending plaintiff's supplementation of the record with the circuit court's order disposing of the motion to reconsider. The order also directed plaintiff to keep this court apprised of the case status by filing periodic status reports while the motion to reconsider remained pending before the circuit court.

¶ 20    On June 13, 2019, plaintiff filed a status report, alleging that the circuit court had docketed receipt of this court's order on April 3, 2019, but a hearing could not be scheduled until the file was presented to the presiding circuit judge for reassignment. Plaintiff also alleged that a second alias summons had been issued on April 2, 2019, and that a private process server personally served defendant on April 8, 2019. While plaintiff further alleged that she had filed the second alias summons with the circuit clerk on April 16, 2019, plaintiff did not supplement the record on appeal with the returned summons. Plaintiff claimed that, on June 12, 2019, her attorney received notice that the motion to reconsider had been set for hearing.

¶ 21    On September 25, 2019, plaintiff filed a second status report, alleging that the case had been reassigned to a different judge, who held a hearing on the motion to reconsider on September 16, 2019. The newly assigned judge denied plaintiff's motion to reconsider, finding that the May 23, 2018, order dismissing plaintiff's complaint was proper under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). Plaintiff attached a copy of the circuit court's September 16, 2019, docket entry but did not supplement the record with a written order or a report of proceedings. On October 2, 2019, this court entered an order reinstating the appeal.

¶ 22                                    II. Analysis

¶ 23    On appeal, plaintiff raises two issues[1] challenging the propriety of the circuit court's

order dismissing her complaint with prejudice pursuant to Illinois Supreme Court Rule 103(b)

(eff. July 1, 2007). Specifically, she argues that the court erred by (1) granting defendant's

motion to dismiss without allowing her an extension of time to file an additional response and

(2) dismissing her complaint with prejudice without considering the totality of the circumstances.

We consider plaintiff's arguments in turn.

¶ 24                          1. Motion for Extension of Time

¶ 25    Plaintiff initially argues that the circuit court abused its discretion when it granted

defendant's motion to dismiss without ruling on her motion for extension of time to file an

additional response to the motion. In response, defendant argues that plaintiff forfeited review of

this issue by failing to obtain a ruling on the motion before filing her notice of appeal. We agree

with defendant.

¶ 26    An alleged error is not preserved for review if the circuit court fails to rule upon it. *PNC

Bank, National Ass'n v. Wilson*, 2017 IL App (2d) 151189, ¶ 29 (citing *McCullough v. Gallaher

& Speck*, 254 Ill. App. 3d 941, 946 (1993)). If a party files a motion, that party has the

responsibility to bring it to the circuit court's attention and have it resolved. *Twardowski v.

Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 512 (2001). Where no ruling has

been made on a motion, a reviewing court will presume the motion was waived or abandoned

unless there is some contrary indication in the record. *Id.* at 512-13.

---

[1]In her briefs to this court, plaintiff originally argued that the circuit court erred when it declined
to hold a hearing or rule on her motion to reconsider. Because plaintiff filed her notice of appeal before
the disposition of her motion to reconsider, this court entered an order holding the appeal in abeyance
until the circuit court ruled on plaintiff's motion to reconsider. Pursuant to Illinois Supreme Court Rule
303(a)(2) (eff. July 1, 2017), the notice of appeal filed by plaintiff became effective upon the denial of her
motion to reconsider. Because the circuit court has since held a hearing and ruled on plaintiff's motion to
reconsider, this issue is moot and we will not consider it on appeal.

¶ 27    Here, plaintiff filed a motion for extension of time, but the record is devoid of any indication that the circuit court ever ruled on the motion. The court, instead, entered an order granting defendant's motion and dismissing plaintiff's complaint with prejudice without addressing plaintiff's motion for extension of time. The record does not indicate that plaintiff attempted to bring the motion to the court's attention or otherwise pressed the court for a ruling on her motion. Moreover, plaintiff did not raise the issue in her subsequently filed motion to reconsider. Thus, it appears from the record that plaintiff abandoned her motion for extension and, in doing so, forfeited review of this issue on appeal.

¶ 28    Even assuming *arguendo* that the circuit court implicitly denied plaintiff's motion for extension of time when it granted defendant's motion and dismissed her complaint, plaintiff's argument would fail. Plaintiff relies on Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011), which provides that "[t]he court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." However, a circuit court, having "the right and duty to control its own docket" (*Hutchcraft v. Independent Mechanical Industries, Inc.*, 312 Ill. App. 3d 351, 354 (2000)), is afforded wide discretion to grant or deny extensions of time to file pleadings or motions. *Schloss v. Jumper*, 2014 IL App (4th) 121086, ¶ 37 (citing 735 ILCS 5/2-1007 (West 2010), and Ill. S. Ct. R. 183 (eff. Feb. 16, 2011)). "Absent an abuse of discretion, the decision of the circuit court on this issue will not be disturbed." *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 354 (2007). A circuit court abuses its discretion "when no reasonable person would take the view adopted by the court." *Armagan v. Pesha*, 2014 IL App (1st) 121840, ¶ 24 (citing *In re Marriage of Carpenter*, 286 Ill. App. 3d 969, 974 (1997)).

¶ 29    Here, the circuit court had discretion to grant defendant's motion to dismiss without allowing plaintiff an extension of time to file an additional response to the motion. The record shows that the court allowed the case to remain open for over two years at plaintiff's request, although plaintiff had taken little action to advance the matter after filing her complaint on February 8, 2016. After defendant filed her motion to dismiss on April 2, 2018, plaintiff filed a response on April 11, 2018, and defendant filed a reply to plaintiff's response on April 23, 2018. In her motion for extension of time, which was filed on May 10, 2018, plaintiff requested that the court allow her until May 30, 2018, to file an additional response. Plaintiff alleged that she needed the extension of time due to her attorney's heavy caseload, but she neither explained why her initial response was insufficient nor identified what her additional response would include that could affect the court's ruling. Under these facts, the court could have reasonably concluded that plaintiff failed to establish good cause. Thus, the court did not abuse its discretion by denying plaintiff's motion for extension of time.

¶ 30                                     2. Rule 103(b) Motion to Dismiss

¶ 31    Plaintiff next argues that the circuit court abused its discretion when it dismissed her complaint with prejudice pursuant to Rule 103(b) without considering the totality of the circumstances. Defendant argues that the court considered all relevant factors and properly found that plaintiff had failed to act with reasonable diligence. Although we agree the court improperly determined that plaintiff's only relevant argument was that she had effectuated service on defendant, we nevertheless conclude that the court's order dismissing plaintiff's complaint was proper under Rule 103(b).

¶ 32    Pursuant to Rule 103(b), an action may be dismissed on the application of any party or on the circuit court's own motion if a plaintiff fails to exercise reasonable diligence to obtain service

12

on a defendant. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). "If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant ***." *Id*. A circuit court shall review the totality of the circumstances in considering whether a plaintiff exercised reasonable diligence. *Id.*

¶ 33     "Rule 103(b) does not state a specific time limitation within which a defendant must be served." *Segal v. Sacco*, 136 Ill. 2d 282, 285 (1990). In ruling on a Rule 103(b) motion to dismiss, a circuit court should consider the following factors: "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." *Id.* at 287. Although not determinative, a circuit court may consider other factors, including "the defendant's knowledge of the lawsuit prior to the service of process [citation], the lack of prejudice to the defendant [citation], the plaintiff's efforts to obtain service through an alias summons [citation], the occurrence of settlement negotiations during the period of the delay [citation], and the plaintiff's full or timely use of all available resources for determining the defendant's whereabouts [citation]." *McRoberts v. Bridgestone Americas Holding, Inc.*, 365 Ill. App. 3d 1039, 1043 (2006). "These factors must be considered in light of the purpose of Rule 103(b)," which "is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations." *Segal*, 136 Ill. 2d at 286-87 (citing *Hanna v. Kelly*, 91 Ill. App. 3d 896, 900 (1980), and *Galvan v. Morales*, 9 Ill. App. 3d 255, 258 (1972)).

¶ 34    "The plaintiff has the burden of showing reasonable diligence in the service of process and must give a reasonable explanation for any apparent lack of diligence." *McRoberts*, 365 Ill. App. 3d at 1043 (citing *Marks v. Rueben H. Donnelley, Inc.*, 260 Ill. App. 3d 1042, 1047 (1994)). "Dismissal under Rule 103(b) is within the sound discretion of the circuit court." *Segal*, 136 Ill. 2d at 286 (citing *Mosley v. Spears*, 126 Ill. App. 2d 35 (1970)). As such, a circuit court's ruling on a Rule 103(b) motion to dismiss will not be disturbed on appeal absent an abuse of discretion. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213 (2007). As noted, a circuit court abuses its discretion when its decision is arbitrary, fanciful or unreasonable or where no reasonable person would adopt the circuit court's view. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 14. We are also mindful that "this court reviews the determination of the trial court, not its reasoning, and therefore we may affirm on any basis in the record whether or not the trial court relied on that basis or its reasoning was correct." *Antonacci v. Seyfarth Shaw, LLP*, 2015 IL App (1st) 142372, ¶ 21 (citing *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995)).

¶ 35    Here, the circuit court acknowledged plaintiff's arguments—that she has been receiving treatment, gathering records, and discussing the matter with defendant's insurance carrier, and that she has proceeded formally by having defendant, who is clearly liable, served with an alias summons—in response to defendant's motion to dismiss. However, the court determined that the only relevant element addressed in plaintiff's response was "whether the defendant has been served with summons and when was the service effectuated." Because the legal principles outlined above clearly require consideration of the totality of the circumstances, we conclude that the court's determination in this regard was erroneous. Nevertheless, after carefully reviewing the record and considering the totality of the circumstances, we conclude that the circuit court

14

did not abuse its discretion by dismissing plaintiff's complaint with prejudice. See *Christian v. Lincoln Automotive Co.*, 403 Ill. App. 3d 1038, 1044 (2010) (a reviewing court may affirm a circuit court's ruling on a Rule 103(b) motion to dismiss on any basis supported by the record).

¶ 36    With regard to the length of delay and actual service, the record shows that the motor vehicle collision at issue occurred on February 10, 2014, and plaintiff filed her complaint against defendant on February 8, 2016. There is nothing in the record showing that plaintiff effectuated service on defendant before the circuit court entered its May 23, 2018, order dismissing plaintiff's complaint pursuant to Rule 103(b). At that time, over two years had passed since plaintiff filed suit, and over four years had passed since the collision. Courts have found shorter time periods sufficient to support a finding of a lack of reasonable diligence. See *Emrikson*, 2012 IL App (1st) 111687, ¶ 19 (seven months between filing and service raised an inference of a lack of diligence in obtaining service); *Tischer v. Jordan*, 269 Ill. App. 3d 301, 308 (1995) (4½-month delay between filing and service sufficient to show lack of diligence). In fact, the record is devoid of any evidence showing that plaintiff has ever effectuated service on defendant. While plaintiff alleged in a status report filed with this court on June 13, 2019, that a private process server personally served defendant with an alias summons on April 8, 2019, plaintiff did not supplement the record on appeal with a return of service for that summons. Thus, the first and seventh factors—the length of delay in obtaining service and actual service on defendant— support a finding of lack of due diligence.

¶ 37    With regard to plaintiff's activities in effectuating service, it appears from the record that, after filing her complaint, a summons was issued but plaintiff took no action in the case for eight months. Plaintiff next responded to a notice of dismissal for want of prosecution by filing a motion to allow the case to remain open. In her motion, she alleged that she was still treating for

15

her injures but was engaged in preliminary negotiations with defendant's insurance carrier, and that she had not yet obtained service on defendant, whose whereabouts were unknown, but planned to order another skip trace to make additional service attempts. However, the record does not indicate what efforts, if any, plaintiff made to locate and serve defendant over the next seven months.

¶ 38   Instead, after receiving a second notice of dismissal for want of prosecution in May 2017, plaintiff filed a report to the court, alleging that she had not yet served defendant because she was negotiating the matter with defendant's insurance carrier and anticipated that the policy limits would be tendered. The record sheet includes a notation, "Alias to Issue" on May 19, 2017, but no alias summons was included in the record on appeal and there is nothing showing that plaintiff made any attempts to serve defendant with the complaint and alias summons. Plaintiff took no further action in the matter until December 28, 2017, when she filed a second report to the court, which was identical to her previous report.

¶ 39   In January 2018, plaintiff faxed copies of the complaint and summons to American Family, and defendant filed her motion to dismiss on April 2, 2018. Although the record sheet includes a notation, "Alias Summons Issued," on April 10, 2018, and plaintiff alleged in her April 11, 2018, response that she had "proceeded formally by having [defendant] served with an Alias Summons," no alias summons was included in the record on appeal and there is nothing showing that plaintiff made any attempts to serve defendant with the complaint and alias summons. In sum, the record on appeal does not indicate what activities, if any, plaintiff undertook in an attempt to effectuate service on defendant between the filing of her complaint in February 2016 and the dismissal of her complaint in May 2018. Thus, the second factor supports a finding of lack of due diligence.

¶ 40    As to plaintiff's knowledge of defendant's location and the ease with which defendant's whereabouts could have been ascertained, plaintiff asserts that defendant's location was unknown because the police department had redacted both parties' addresses from the police report. Although the parties' specific addresses were indeed redacted from the police report, the report listed defendant's address as having a Carbondale, Illinois, zip code. In her affidavit, defendant attested that, at the time of the collision, she was a student at Southern Illinois University in Carbondale, Illinois, but the permanent address listed on her driver's license was her parents' residence at 17555 Timber Ridge Lane in Carlyle, Illinois. Defendant also attested that her permanent address remained the same until she moved to Texas in October 2017. Plaintiff denied having knowledge of defendant's address in her October 24, 2016, motion to allow the case to remain open. Specifically, she alleged that defendant had not been served because her whereabouts were unknown but claimed that she would order another skip trace in an attempt to locate defendant. However, nothing in the record shows that plaintiff ever ordered a skip trace. In fact, aside from consulting the police report, the record does not indicate what efforts, if any, plaintiff made in an effort to ascertain defendant's address prior to the dismissal of her complaint. Thus, while the third factor may weigh slightly in plaintiff's favor, the fourth factor supports a finding of lack of due diligence.

¶ 41    The fifth factor—actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service—is inapplicable to this case, as the record does not show that plaintiff made any attempts to serve defendant prior to the dismissal of the complaint. Accordingly, we are left to consider any special circumstances that affected plaintiff's efforts. While plaintiff does not specifically address any of the other factors in her brief, she claims that the special circumstances of this case render the delay reasonable. Specifically, plaintiff argues

17

that she was negotiating the matter with defendant's insurance carrier and was still receiving treatment for her injuries.

¶ 42 Plaintiff relies on this court's *McRoberts* decision. In that case, this court found that special circumstances existed to show the plaintiff exhibited due diligence in serving the defendant one year after filing suit. *McRoberts*, 365 Ill. App. 3d at 1043. Specifically, this court noted that the plaintiff initially sent letters to the defendant and its registered agent advising them of the claim, and that the defendant "specifically directed its adjuster to contact [the plaintiff] and handle the claim on its behalf." *Id*. The record showed that, after the adjuster began handling the claim, the plaintiff and adjuster "were in active contact regarding [the plaintiff's] injuries, medical records, and medical bills." *Id*. This court found it significant that, after filing suit, the plaintiff advised the defendant's adjuster "that he would withhold service in the hope of settling the matter, and he asked the adjuster to advise if this arrangement was unacceptable." *Id*. Because the adjuster, who was acting on the defendant's behalf, acknowledged the plaintiff's correspondence but said nothing in response to his indication that he would withhold service in hopes of a settlement, this court determined that it was reasonable for the plaintiff to conclude that this arrangement was acceptable to the defendant. *Id*. at 1043-44.

¶ 43 This court found it "important to note that after [the plaintiff] filed suit, he and the adjuster continued to communicate on a monthly basis." *Id*. at 1044. This court found it equally important that, after the adjuster's entire file was handed over to the defendant's legal department in November 2003, the legal department raised no objection to the plaintiff's proposed arrangement to withhold service until the end of January 2004. *Id*. In considering the other factors, this court noted that the defendant was aware of the lawsuit in April 2003, the plaintiff had preserved the evidence, and the defendant was served within a reasonable amount of

18

time after raising the issue. *Id*. at 1045. Thus, after balancing the factors and special circumstances, this court concluded that the circuit court abused its discretion in dismissing the plaintiff's complaint for lack of reasonable diligence in effecting service on the defendant. *Id*. at 1045-46.

¶ 44    We find the present case distinguishable from *McRoberts* in three important respects. First, unlike *McRoberts*, the record, here, does not show that defendant initially received notice of plaintiff's claim but directed American Family to handle the case on her behalf. Instead, the first correspondence documented in the record is a January 27, 2016, lien letter addressed only to American Family. Although plaintiff repeatedly refers to American Family as defendant's "agent" in her brief, there is simply nothing in the record to show defendant authorized American Family to act on her behalf in handling the claim. In fact, the record is devoid of any indication that American Family notified defendant of plaintiff's claim.

¶ 45    Second, the record does not indicate that plaintiff and American Family were engaged in constant communications regarding a settlement, as was the case in *McRoberts*. From January 2016 to January 2018, the only communications between plaintiff and American Family documented in the record are as follows: plaintiff sent American Family the attorney lien letter on January 27, 2016; plaintiff faxed a copy of the police report to American Family on March 15, 2016; plaintiff sent American Family a letter, which indicated that plaintiff was still treating and gathering records, on January 8, 2018; and plaintiff faxed copies of the complaint and other case filings to American Family on January 16, 2018. We recognize that Burke attested in her affidavit that she spoke with an adjustor from American Family on the phone every two to three months; however, the circuit court did not consider this affidavit in ruling on defendant's motion because it was attached to plaintiff's motion to reconsider, not her initial response. Because only

19

four communications are documented in the record over a two-year time period, we conclude that plaintiff failed to demonstrate that she was engaged in constant communications with American Family regarding a settlement.

¶ 46 Third, unlike *McRoberts*, the record, here, does not show that plaintiff immediately notified American Family when she filed her complaint or that American Family agreed plaintiff could withhold service on defendant to facilitate settlement negotiations. Instead, the record indicates that American Family first received notice of the suit when plaintiff faxed the copies of the court filings on January 16, 2018. Moreover, the record is devoid of any indication that American Family agreed, or had the authority to agree, that plaintiff could withhold service on defendant. For these reasons, we find plaintiff's reliance on *McRoberts* misplaced and we, instead, conclude that the record on appeal fails to support plaintiff's claim that her communications with American Family constituted a special circumstance that hindered her in effectuating service on defendant.

¶ 47 Plaintiff also maintains that she was, and is, still receiving treatment for her injuries. She claims that, due to her ongoing treatment, "no settlement is even possible," and defendant has suffered no prejudice because the evidence is not stale. However, plaintiff fails to explain how her ongoing treatment prevented or hindered her ability to effectuate service on defendant. Thus, plaintiff has also failed to demonstrate that her ongoing treatment constituted a special circumstance.

¶ 48 Lastly, plaintiff maintains that the purpose of Rule 103(b) "is to prevent [d]efendant from being prejudiced for lack of action" and that defendant "was not clearly prejudiced." However, we reiterate that "[t]he purpose of Rule 103(b) is to protect defendants from unnecessary delays in the service of process on them and to prevent the circumvention of the statute of limitations."

20

*Hanna*, 91 Ill. App. 3d at 900. Here, according to the police report, the damage to plaintiff's vehicle was estimated to be $500 or less, neither party complained of any pain, both parties declined medical treatment, and both parties drove their vehicles away from the collision scene. These facts support the conclusion that defendant was unaware plaintiff suffered any injuries during the collision. Plaintiff received treatment for injuries she allegedly sustained during the collision for approximately two years before filing her complaint. The collision at issue occurred on February 10, 2014, and plaintiff filed her complaint against defendant on February 8, 2016— just two days before the expiration of the statute of limitations. See 735 ILCS 5/13-202 (West 2016) (providing a two-year statute of limitations for negligence actions). Plaintiff repeatedly acknowledged that she had not effectuated service on defendant and that she had filed her complaint to preserve the statute of limitations while she continued to receive treatment her injuries. Thus, in our view, plaintiff's actions were contrary to the purpose of Rule 103(b).

¶ 49    After considering these facts and circumstances, the circuit court could have reasonably found that plaintiff failed to exercise reasonable diligence in effectuating service on defendant. Therefore, we hold that the court did not abuse its discretion when it granted defendant's motion and dismissed plaintiff's complaint with prejudice pursuant to Rule 103(b).

¶ 50                                III. Conclusion

¶ 51    For the foregoing reasons, we affirm the judgment of the circuit court of Jackson County.


¶ 52    Affirmed.

21